UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RANDOLPH D.,[1]

                                                Plaintiff,              Case # 23-CV-1021-FPG

v.                                                                         DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                                Defendant.
_____

## INTRODUCTION

Plaintiff Randolph D. brings this action pursuant to the Social Security Act seeking review of the final decision of the Commissioner of Social Security that denied his application for Disability Insurance Benefits ("DIB") under Title II of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. § 405(g). Plaintiff moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), requesting that the case be remanded either for the calculation of benefits or for further administrative proceedings. ECF No. 8. The Commissioner confesses error and moves to remand for further proceedings. ECF No. 12. For the reasons that follow, the Commissioner's motion is GRANTED, Plaintiff's motion is GRANTED IN PART, and this matter is remanded for further administrative proceedings.

## BACKGROUND

In April 2020, Plaintiff applied for DIB with the Social Security Administration ("the SSA"). Tr.[2] 94. He alleged disability since September 2019. Tr. 95. On August 3, 2022, Administrative Law Judge Stephen Cordovani ("the ALJ") issued a decision finding that Plaintiff

---

[1] Under this District's Standing Order, any non-government party must be referenced solely by first name and last initial.

[2] "Tr." refers to the administrative record in this matter. ECF Nos. 4, 5.

1

is not disabled. Tr. 15-28. In August 2023, the Appeals Council denied Plaintiff's request for review. Tr. 1-4. This action seeks review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I.   District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted).

### II.  Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 404.1520(c). If the

claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I. The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits under the process described above. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 18. At step two, the ALJ found that Plaintiff has severe impairments of right

shoulder issues, status post rotator cuff repair, bilateral elbow issues, bilateral carpal tunnel syndrome, degenerative joint disease in the bilateral knees, and obesity.  *Id.*  At step three, the ALJ found that his impairments do not meet or medically equal any Listings impairment.  Tr. 20.

Next, the ALJ determined that Plaintiff retains the RFC to perform a reduced range of light work.  Tr. 21.  At step four, the ALJ found that Plaintiff could not perform his past relevant work as project manager/HVAC installer.  Tr. 26.  At step five, the ALJ concluded that Plaintiff had acquired transferable skills in his past relevant work that would allow him to perform the occupation of project manager on a standalone basis.  Tr. 27.  Because the job of project manager existed in significant numbers in the national economy, the ALJ concluded that Plaintiff was not disabled.  Tr. 27-28.

## II.   Analysis

Plaintiff argues that remand is warranted because (1) the ALJ failed to incorporate mental limitations into the RFC; (2) the ALJ's conclusion that Plaintiff acquired transferable skills is not supported by substantial evidence; and (3) the ALJ did not properly evaluate the opinion of treating physician Vikas Singla, M.D.  *See* ECF No. 8-1.  The Commissioner agrees that remand for further proceedings is warranted on the second and third grounds.  *See* ECF No. 12-1 at 12.

Plaintiff maintains, however, that remand for calculation of benefits is warranted.  He reasons as follows.  Plaintiff testified that he performed some, but not all, of the work responsibilities associated with a project manager.  *Compare* Tr. 64-67, 90, 330, *with* Project Manager, *Dictionary of Occupational Titles*, DICOT 189.117-030, 1991 WL 671489 (1991).  For example, Plaintiff did not recruit staff or establish budgets for projects.  *See* Tr. 90.  Because Plaintiff did not possess all of the skills required to perform the job of project manager, and because the vocational expert testified that Plaintiff could not perform any other job given the limitations

4

of the RFC, *see* Tr. 350, a finding of disabled is mandated in Plaintiff's view. *See* ECF No. 8-1 at 29-30; ECF No. 13.

The Court is not persuaded. It is only appropriate for a court to "remand for calculation of benefits" where "the record here provides persuasive proof of disability and a remand for further evidentiary proceedings would serve no purpose." *Demars v. Comm'r of Soc. Sec.*, 841 F. App'x 258, 263 (2d Cir. 2021) (summary order). This is not such a case. The vocational expert opined that, in light of the particular RFC that the ALJ crafted in the decision, the only job that Plaintiff could perform would be that of project manager. *See* Tr. 350. But because this matter must be remanded due to the ALJ's failure to properly consider a medical opinion from a treating source, *see* ECF No. 8-1 at 27-29, the RFC may well change on remand, which could also have the effect of changing Plaintiff's vocational opportunities. Indeed, contrary to Plaintiff's argument, nothing would bar the ALJ from fashioning a less restrictive RFC on remand. *See* ECF No. 13 at 5-6. "[I]n the absence of limiting instructions or court findings, the Commissioner may revisit on remand any issues relating to the application for disability benefits." *Thompson v. Astrue*, 583 F. Supp. 2d 472, 475 (S.D.N.Y. 2008); *see also Bryan L. v. Comm'r of Soc. Sec.*, No. 20-CV-393, 2021 WL 3726101, at *5 (W.D.N.Y. Aug. 23, 2021) (where the ALJ previously found the claimant capable of only light work, concluding that mandate rule did not preclude the ALJ from finding claimant capable of medium work on remand). This Court will not make any particular findings as to the proper RFC; it simply remands the case based on the parties' agreement that the ALJ did not properly undertake the proper analysis.[3] *See Gibbons v. Comm'r of Soc. Sec.*, No. 18-CV-311, 2019 WL 4199786, at *5 (W.D.N.Y. Sept. 5, 2019) ("Because the district court did not expressly

---

[3] The Court declines Plaintiff's invitation to "give specific instructions on remand that the ALJ is not to find an RFC that is *less restrictive* than the RFC found in the ALJ's December 9, 2021 decision." ECF No. 13 at 6. That sort of instruction would require the Court to substitute its own judgment for that of the Commissioner, which it may not do. *See Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

5

or impliedly make any findings on the merits—e.g., . . . whether [the claimant] had the RFC to perform sedentary work[]—neither the law-of-the-case doctrine nor the mandate rule limited the ALJ to evaluating [the claimant's] claim at Step 5.").

In sum, the Commissioner's confession of error justifies remand for further proceedings. The Court declines to remand solely for the calculation of benefits.

## CONCLUSION

For all of the reasons stated, the Commissioner's Motion to Remand (ECF No. 12) is GRANTED, and Plaintiff's Motion for Judgment on the Pleadings (ECF No. 8) is GRANTED IN PART. This matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court shall enter judgment and close the case.

IT IS SO ORDERED.

Dated: October 16, 2024
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York