UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RANDOLPH D.,

                                              Plaintiff,          Case # 23-CV-1021-FPG

v.                                                             DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                              Defendant.
_____

## INTRODUCTION

Plaintiff Randolph D. brought this appeal of the Social Security Administration's ("SSA") decision to deny him disability benefits. ECF No. 1. In October 2024, the Court granted in part Plaintiff's motion for judgment on the pleadings and remanded the case for further proceedings. ECF No. 19. The Court entered a Stipulation and Order awarding Plaintiff's attorney, Mary Ellen Gill, $9,195.81 in fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF No. 22.

Thereafter, the SSA issued a Notice of Award granting Plaintiff benefits. *See* ECF No. 23-3. Plaintiff now moves for $38,471.25 in attorney's fees under 42 U.S.C. § 406(b). ECF No. 23.

For the reasons that follow, Plaintiff's motion is GRANTED, counsel is awarded $38,471.25 in fees, and counsel shall remit the $9,195.81 in EAJA fees to Plaintiff.

## DISCUSSION

The Social Security Act provides that

> [w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1)(A).

1

Within the 25% boundary, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Abbey v. Berryhill*, No. 6:17-CV-06430-MAT, 2019 WL 336572, at *2 (W.D.N.Y. Jan. 28, 2019) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002)). The statute also requires "court review of [contingent fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.*

After a court confirms that the fee is within the 25% statutory boundary, it analyzes three factors to determine if the resulting fee is reasonable. Those factors are: (1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved"; (2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his fee; and (3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor. *Id.* (citation omitted).

The Court has reviewed each factor to assure that the requested fee is reasonable. As an initial matter, counsel's request for $38,471.25 in fees represents 25% of the award and does not exceed the statutory cap. *See* ECF No. 18-2 at 5; ECF No. 18-5 at 4.

As to the first factor, the Court finds that the requested fee is in line with the character of the representation and the results it achieved, because counsel filed a motion for judgment on the pleadings and obtained a remand, which ultimately led to a favorable decision awarding Plaintiff benefits. *See* ECF Nos. 8, 19. As to the second factor, there is no evidence that counsel unreasonably delayed the proceedings in an attempt to inflate past due benefits and the potential fee award.

As to the third factor, *i.e.*, whether the fee award constitutes a windfall to the attorney, courts often examine the lodestar figure to help them make this determination. *See Abbey*, 2019

2

WL 336572, at *2; *see generally Fields v. Kijakazi*, 24 F.4th 845 (2d Cir. 2022).  Here, counsel spent 38.7 hours in connection with the appeal to this Court.  ECF No. 23-6 at 2.  Dividing the $38,471.25 fee requested by 38.7 hours yields an hourly rate of $994.09.  This Court has found such rates reasonable where, as here, counsel developed meritorious, non-boilerplate arguments on the claimant's behalf.  *McDonald v. Comm'r of Soc. Sec.*, No. 16-CV-926, 2019 WL 1375084, at *2 (W.D.N.Y. Mar. 27, 2019) (awarding fees with effective hourly rate of $1,051.64); *see also Torres v. Colvin*, No. 11-CV-5309, 2014 WL 909765, at *4 (S.D.N.Y. Mar. 6, 2014) ("[A] substantial body of caselaw has awarded rates that approach, if they do not exceed, $1,000.00."); *Morrison v. Saul*, No. 16-CV-4168, 2019 WL 6915954, at *3 (S.D.N.Y. Dec. 19, 2019) (approving fees based on effective hourly rate of $935.52).  Accordingly, based on all of the above, the Court concludes that the requested fee award is reasonable.  Furthermore, counsel must refund the EAJA fees to Plaintiff.

## CONCLUSION

Plaintiff's motion for attorney's fees under § 406(b) (ECF No. 23) is GRANTED and Plaintiff is awarded $38,471.25 in fees.  The Court directs the Commissioner to release those funds withheld from Plaintiff's benefits award.  After counsel receives the § 406(b) fee, counsel must remit the $9,195.81 EAJA fee to Plaintiff.

IT IS SO ORDERED.

Dated: December 11, 2025
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York

3